**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TAMOND E. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-CV-64 JSD |
| | ) | |
| HENRY EDWARD AUTREY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Tamond Thomas' Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. Having reviewed the Application and the financial information provided, the Court will grant the Application and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**INITIAL PARTIAL FILING FEE**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff is a pretrial detainee currently being held at Ste. Genevieve Detention Center in Ste. Genevieve, Missouri. [ECF No. 1 at 3]. In support of his Complaint, Plaintiff submitted a "Resident Activity Statement" instead of a certified inmate account statement. [ECF No. 2]. As a result, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris,* 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his certified prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v.*

*Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff Tamond Thomas filed his Complaint on August 31, 2026, arguing that the Honorable Henry Edward Autrey lacked jurisdiction to review his previously-filed habeas action, *see Thomas v. Jones*, No. 2:26-CV-27 SPM (E.D. Mo.), that was randomly assigned to the Honorable Shirley Padmore Mensah on March 26, 2026. [ECF No. 1 at 2, 4-7].

For relief in this action, Plaintiff seeks dismissal and expungement of his federal criminal record, discharge of his social security number and assignment of a new number, retitling the mental health program "Justice for All," and the arrest of those guilty of "crimes against his person." [ECF No. 1 at 9]. Plaintiff additionally seeks "criminal prosecution of [the Honorable Henry Edward Autrey] for felony obstruction, disbarment and reprimand by Chief Judiciary

Counsel and copies of all Memorandum relevant disciplinary process for this Defendant." [ECF No. 1 at 11]. Furthermore, Plaintiff seeks compensatory and punitive damages. *Id*.

**PLAINTIFF'S CRIMINAL HISTORY**

On March 26, 2026, Plaintiff filed an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in this Court challenging his 2005 conviction for robbery in the first degree and armed criminal action. *See Thomas v. Jones*, No. 2:26-CV-27 SPM (E.D. Mo. April 27, 2026). The case was assigned to the Honorable Shirley Padmore Mensah, and it was submitted for Rule 4 review under the Rules Governing Section 2254 Cases on March 30, 2026. Plaintiff filed his consent to Magistrate Judge Mensah's jurisdiction on April 15, 2026, although the respondent had not yet been served and thus was not able to consent to jurisdiction in front of Judge Mensah.

On April 27, 2026, United States District Judge Henry Edward Autrey reviewed Plaintiff's Application for writ of habeas corpus[1] and found that because petitioner was not currently in custody for the 2005 conviction, the Court lacked subject matter jurisdiction over Plaintiff's § 2254 petition.[2] The action was therefore dismissed.

[1] Although this case was randomly assigned to United States Magistrate Judge Shirley Padmore Mensah under Local Rule 2.08, the dismissal order was signed by United States District Judge Henry Edward Autrey because full consent of both parties had not been received. *See* 28 U.S.C. § 636.

[2] At the time Plaintiff filed his petition for writ of habeas corpus, he was incarcerated in the Lincoln County Jail in Troy, Missouri. According to Missouri Case.Net, Plaintiff was facing state charges in Pike County Missouri for felony resisting arrest, willfully failing or refusing to allow a law enforcement officer or firefighter to enforce their duties, failing to affix his registration sticker on his license plate and operating his motor vehicle with reduced vision on his windows/windshield. *See State v. Thomas*, No. 26PI-CR00009-02 (45th Jud. Cir. 2026). As a result of his state charges, he was also facing revocation of his federal supervised release in the United States District Court for the Eastern District of Missouri. *See United States v. Thomas*, No. 4:23-CR-434 (E.D. Mo.). Plaintiff's federal supervision was transferred to the Eastern District of Missouri on August 17, 2023, from the United States District Court for the Western District of Missouri after he served time for a 2022 conviction for the charge of felon in possession of a firearm. *See United States v. Thomas*, No. 4:19-CR-278 BP (W.D.Mo.). On August 31, 2026, Plaintiff was sentenced by the Honorable John A. Ross to an additional eight months of imprisonment in a Federal

On July 8, 2026, Plaintiff filed a motion for reconsideration of the dismissal, and the motion was summarily denied on July 15, 2026. Plaintiff filed a Notice of Appeal on July 24, 2026. However, he again sought reconsideration of the matter, as well as the recusal of Judge Autrey, on July 29, 2026. Both motions were denied on July 31, 2026. Plaintiff's motion to proceed in forma pauperis on appeal was denied for lack of good faith on August 11, 2026.

## DISCUSSION

Plaintiff sues Judge Henry Edward Autrey in his individual and official capacity, asserting that he lacked jurisdiction over Plaintiff's action in *Thomas v. Jones*, No. 2:26-CV-27 SPM (E.D. Mo. April 27, 2026). The Court will first address Plaintiff's claims against Judge Autrey in his official capacity.

Plaintiff's claims against Judge Autrey in his official capacity are effectively claims against the United States government, which is entitled to sovereign immunity from suit, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), unless Congress has expressly waived the defense. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity must be express. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). There is nothing in the record to suggest the United States waived, or that Congress overrode, sovereign immunity here. Therefore, Plaintiff's claims against Judge Autrey in his official capacity are subject to dismissal.

---

Correctional facility on the revocation of his supervised release. *See United States v. Thomas*, No. 4:23-CR-434 (E.D. Mo.).

Having found that there is no legal basis for Plaintiff's claims against Judge Autrey in his official capacity, the Court turns to Plaintiff's claims against Judge Autrey in his individual capacity.

Although Plaintiff indicates that he is proceeding under 42 U.S.C. § 1983 for purported civil rights violations, that statute applies only to state and local officials, not to persons acting under color of federal law. *See McNally v. Pulitzer Pub. Co.,* 532 F.2d 69, 75 n.7 (8th Cir. 1976) ("42 U.S.C. § 1983 is inapplicable to persons acting under color of federal law."). Accordingly, the Court construes Plaintiff's Complaint as stating claims against Judge Autrey under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971. *See Iqbal,* 556 U.S. at 675-76 (*Bivens* acts as "the 'federal analog to suits brought against state officials under [Section 1983].'").

The Complaint does not state a valid *Bivens* claim, as the claims presented do not describe a cause of action that the Supreme Court has previously recognized under *Bivens*, and expanding *Bivens* is "now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017) (quoting *Iqbal*, 556 U.S. at 675). Because *Bivens* has not been extended to civil claims against federal district judges of the nature raised here, and this Court is not at liberty to create such an extension, Plaintiff's claims against Judge Autrey in his individual capacity are subject to dismissal.

Plaintiff's claims against Judge Autrey in his individual capacity are also barred by the doctrine of judicial immunity. The doctrine of judicial immunity protects judges from lawsuits based on their judicial actions, unless such actions were "taken in the complete absence of all jurisdiction." *Hamilton v. City of Hayti, Missouri,* 948 F.3d 921, 925 (8th Cir. 2020). ("[A] judicial officer, in exercising the authority vested in him, shall be free to act upon his own

convictions, without apprehension of personal consequences to himself."). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). And "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.,* 931 F.3d 753, 760 (8th Cir. 2019). Because Judge Mensah lacked full consent from both parties at the time the dismissal order was entered in *Thomas v. Jones*, No. 2:26-CV-27 SPM (E.D. Mo.), Judge Autrey is entitled to judicial immunity for signing the dispositive order in Plaintiff's habeas action.

Based on the foregoing, Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 9th day of September, 2026.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE